JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Angel Seagraves

**DEFENDANTS**
City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Vernon Z. Chestnut, Esquire
150 Monument Road, Suite 207, Bala Cynwyd, PA 19004

Attorneys (If Known)

Michael R. Miller, Assistant City Solicitor
1515 Arch Street, 14th Floor, Philadelphia, PA 19102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
Plaintiff alleges violations of his civil rights pursuant to 28 U.S.C. §1441

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)   JUDGE _____   DOCKET NUMBER _____

DATE   03-15-2016

SIGNATURE OF ATTORNEY OF RECORD   *Mll R M*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SEAGRAVES<br>6134 Media Street<br>Philadelphia, PA 19151 | :<br>:<br>: COURT OF COMMON PLEAS<br>: OF PHILADELPHIA COUNTY |
| **Plaintiff** | :<br>: |
| **v.** | : SEPTEMBER, TERM 2015<br>: |
| PHILADELPHIA POLICE DEPARTMENT, | :<br>: |
| **and** | :<br>: NO.: 1934 |
| POLICE OFFICER MICHAEL J. FRITZ | :<br>: |
| **and** | :<br>: |
| POLICE OFFICE JOHN DOE #1 | :<br>: |
| **and** | :<br>: |
| POLICE OFFICER JOHN DOE #2 | :<br>: |
| POLICE OFFICER JOHN DOE #3 | :<br>: |
| **and** | :<br>: |
| CITY OF PHILADELPHIA, | :<br>: |
| **Defendants** | : |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of
Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendant, the City of Philadelphia, (hereinafter
"petitioner") through its counsel, Michael R. Miller, Assistant City Solicitor, respectfully petition
for the removal of this action to the United States District Court for the Eastern District of
Pennsylvania. In support thereof, defendant states the following:

1.      In September, 2015, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, September Term, 2015; No. 1934.  (Exhibit A – Complaint.)

2.      On March 1, 2016 said Complaint was served on Petitioner at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.      Plaintiff alleges that on or about September 22, 2013 he sustained damages when his civil rights were violated by the defendant. (Exhibit A.)

4.      This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A.)

**Wherefore,** petitioner, the City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MICHAEL R. MILLER**
**ASSISTANT CITY SOLICITOR**
**Attorney I.D. No. 315759**
515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5433

Date: 03-15-16

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| ANGEL SEAGRAVES | : |
| 6134 Media Street | : **COURT OF COMMON PLEAS** |
| Philadelphia, PA 19151 | : **OF PHILADELPHIA COUNTY** |
| | : |
| **Plaintiff** | : |
| | : |
| **v.** | : **SEPTEMBER, TERM 2015** |
| | : |
| **PHILADELPHIA POLICE DEPARTMENT,** | : |
| | : |
| **and** | : |
| | : **NO.: 1934** |
| **POLICE OFFICER MICHAEL J. FRITZ** | : |
| | : |
| **and** | : |
| | : |
| **POLICE OFFICE JOHN DOE #1** | : |
| | : |
| **and** | : |
| | : |
| **POLICE OFFICER JOHN DOE #2** | : |
| | : |
| **POLICE OFFICER JOHN DOE #3** | : |
| | : |
| **and** | : |
| | : |
| **CITY OF PHILADELPHIA,** | : |
| | : |
| **Defendants** | : |

---

## NOTICE OF FILING OF REMOVAL

TO:   Law Office of Vernon Z. Chestnut
      Vernon Z. Chestnut, Esquire
      150 Monument Road, Suite 207
      Bala Cynwyd, PA 19004


PLEASE TAKE NOTICE THAT on March 16, 2015 defendant, the City of Philadelphia

filed, in the office of the Clerk of the United States District Court for the Eastern District of

Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

**MICHAEL R. MILLER**
**ASSISTANT CITY SOLICITOR**
**Attorney I.D. No. 315759**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5433

Date: 03-15-16

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANGEL SEAGRAVES<br>6134 Media Street<br>Philadelphia, PA 19151 | : <br> : COURT OF COMMON PLEAS<br>: OF PHILADELPHIA COUNTY<br>: |
| **Plaintiff** | : <br> : |
| **v.** | : SEPTEMBER, TERM 2015<br>: |
| PHILADELPHIA POLICE DEPARTMENT, | : <br> : |
| **and** | : <br> : NO.: 1934 |
| POLICE OFFICER MICHAEL J. FRITZ | : <br> : |
| **and** | : <br> : |
| POLICE OFFICE JOHN DOE #1 | : <br> : |
| **and** | : <br> : |
| POLICE OFFICER JOHN DOE #2 | : <br> : |
| POLICE OFFICER JOHN DOE #3 | : <br> : |
| **and** | : <br> : |
| CITY OF PHILADELPHIA, | : <br> : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I, MICHAEL R. MILLER, ASSISTANT CITY SOLICITOR, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Law Office of Vernon Z. Chestnut
          Vernon Z. Chestnut, Esquire
          150 Monument Road, Suite 207
          Bala Cynwyd, PA 19004

**MICHAEL R. MILLER**
**ASSISTANT CITY SOLICITOR**
**Attorney I.D. No. 315759**
515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5433

Date: 03-15-16

Exhibit "A"

NOTICE TO PLEAD
To Defendants:
You are hereby notified to file a
written response to the enclosed
Complaint within twenty (20) days
from the date of service hereof or
judgment may be entered against you.

LAW OFFICE OF VERNON Z. CHESTNUT
By: Vernon Z. Chestnut, Esquire
Attorney Identification No. 71413
150 Monument Road, Suite 207
Bala Cynwyd, PA 19004
(215) 568-8040

THIS IS A JURY DEMAND
AN ASSESSMENT OF
DAMAGES HEARING IS
REQUIRED

ATTORNEY FOR PLAINTIFF

---

ANGEL SEAGRAVES
6134 Media Street
Philadelphia, Pa 19151

        Plaintiff

        v.

PHILADELPHIA POLICE DEPARTMENT,

    and

POLICE OFFICER MICHAEL J. FRITZ

    and

POLICE OFFICE JOHN DOE #1

    and

POLICE OFFICER JOHN DOE #2

POLICE OFFICER JOHN DOE #3

    and

CITY OF PHILADELPHIA,

        Defendants

:
: COURT OF COMMON PLEAS
: OF PHILADELPHIA COUNTY
:
:
:
:
: SEPTEMBER, TERM 2015
:
:
:
: NO.: 1934
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## PLAINTIFF'S COMPLAINT

Plaintiff, Angel Seagraves, by her undersigned counsel, brings this civil action Complaint against defendants, the Philadelphia Police Department, Police Officer Michael J. Fritz, Police Officer John Doe #1. Police Officer John Doe #2, Police Officer John Doe #3 and the City of Philadelphia. In support thereof, plaintiff avers the following:

### I.      PARTIES

1.      Plaintiff, Angel Seagraves, is an adult individual and a citizen of the United States. Plaintiff resides at 6134 Media Street, Philadelphia, Pennsylvania.

2.      Defendant Philadelphia Police Department is the primary law enforcement agency and is responsible for law enforcement and investigations responsible for serving Philadelphia County under the laws of the Commonwealth of Pennsylvania. At all times herein, the Police Department acted by and through its duly authorized officials, agents, employees, and representatives who at all times relevant to this action acted within the scope of their employment.

3.      Defendant, Police Officer Michael J. Fritz, is an adult individual and citizen of the United States. At all times herein defendant Fritz is a Philadelphia Police Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

4.      Defendant, Police Officer John Doe #1, is an adult individual and citizen of the United States. At all times herein, defendant Doe #1 is a Philadelphia Police Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

5.      Defendant, Police Officer John Doe #2, is an adult individual and citizen of the United States.  At all times herein, defendant Doe #2 is a Philadelphia Police Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

6.      Defendant, Police Officer John Doe #3, is an adult individual and citizen of the United States.  At all times herein, defendant Doe #3 is a Philadelphia Police Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

7.      Defendant City of Philadelphia is a municipality and political subdivision of the Commonwealth of Pennsylvania defined as a "city of the first class" under the laws of the Commonwealth of Pennsylvania.  At all times herein, the City acted by and through its duly authorized officials, agents, employees, and representatives who at all times relevant to this action acted within the scope of their employment.

## II.      JURISDICTION

8.      This cause of action arose out of transactions or occurrences which took place in whole or in part in Philadelphia County.

9.      Venue is appropriate in this Court pursuant to Pa. R.C.P. 1006.

## III.      FACTS

10.      On September 22, 2013, defendant Fritz along with defendant John Doe #1 followed the plaintiff from 54th & Wyalusing Street to 51st & Arch Street in Philadelphia, Pennsylvania.

11.      Defendants Fritz and John Doe #1 pulled the plaintiff over for a vehicle stop at 51st & Arch Street.

3

12.    Defendant Fritz informed plaintiff that she was stopped because her handicap placard was obstructing her view because it was hanging from the rearview mirror.  Defendants handcuffed plaintiff's passenger and placed him in the rear passenger seat of the police vehicle.

13.    Defendants conducted an illegal search of the passenger side of plaintiff's vehicle.

14.    When plaintiff realized what was happening, she got out of her vehicle and informed the defendants that she was planning to call her attorney because of the illegal detention and search of her vehicle.

15.    Defendants began cursing at the plaintiff and spewing racial epithets towards her and her children.

16.    Defendants proceeded to throw the plaintiff to the ground and beat hit her repeatedly causing a fracture to her left ankle and a head contusion.

17.    Defendants John Doe #2 and #3 were called to the scene and engaged in the verbal and physical abuse of the plaintiff.

18.    Plaintiff was arrested and charged with Aggravated Assault, Possession of an Instrument of Crime, Simple Assault and Resisting Arrest.

19.    After Defendants placed plaintiff under arrest, they did not provide her with basic necessary care for her physical pain.

20.    On or about October 7, 2013, the Honorable David C. Shuter of the Municipal Court of Philadelphia County dismissed the charges of Aggravated Assault and Simple Assault for lack of evidence after a Preliminary Hearing was conducted.

4

21.     On or about December 2, 2013, the Honorable Jacqueline Frazier-Lyde of the Municipal Court of Philadelphia County found the plaintiff Not Guilty on the remaining charges.

22.     As a direct and proximate result of the Defendants beating the plaintiff, plaintiff has suffered a permanent injury and loss of function to her foot.

### COUNT I

**Civil Rights Action (42 U.S.C. § 1983) Unlawful Stop and Detention against Defendants Fritz and John Doe #1**

23.     Plaintiff hereby incorporates the allegations contained in paragraphs one through twenty-two inclusive as though fully set forth herein.

24.     42 U.S.C. § 1983 provides in part:

Every person who, under color of any statute, ordinance,

regulation, custom, or usage of any State or Territory subjects, or causes to

be subjected, any person of the United States or other

person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and

laws shall be liable to the party injured in an action at law, suit at equity or

other proper proceeding for redress.

25.     Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

26.     A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure.

27.     A police officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime.

28.     Plaintiff had committed no criminal offense or a traffic offense when defendants Fritz and John Doe #1 initiated the stop.

29.     It is not illegal to hang a handicap placard from the rearview mirror of a vehicle. In fact, said placards are designed specifically to hang from the rearview mirror.

30.     Defendants knew that there was no basis for a stop.

31.     Defendants acted unreasonably in stopping and searching the plaintiff's car and subjecting plaintiff to a prolonged investigatory detention and illegal search of her property.

32.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Doe #1 and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT II

### Violation of 42 U.S.C. § 1983 RETALIATION against
### Defendants Fritz and Does #1-3)

33.     Plaintiff hereby incorporates the allegations contained in paragraphs one through thirty-two inclusive as though fully set forth herein.

34.     Plaintiff had a First Amendment right to call her attorney to report the police for engaging in what she perceived to be a violation of her rights.

6

35.     Defendants Fritz and John Doe #1 did not want a citizen reporting their unconstitutional acts.

36.     Plaintiff had a Constitutional right as a citizen to call her attorney.

37.     Fritz and John Doe #1 at her and used racial and religious epithets against her and her children to deter her from calling her attorney.

38.     Defendants used force on the Plaintiff and arrested her as retaliation because plaintiff threatened to report their actions to her attorney.

39.     Defendants arrested plaintiff based in part upon the exercise of plaintiff's free expression of concern that she was being investigated and detained when she had done nothing wrong.

40.     As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.


### COUNT III
### PLAINTIFF v. POLICE OFFICER FRITZ and
### DOES #1, #2 & #3
### ARTICLE I, SECTION 8 - PENNSYLVANIA CONSTITUTION
### EXCESSIVE FORCE

41.     Plaintiff hereby incorporates the allegations contained in paragraphs one through thirty-nine inclusive as though fully set forth herein.

42.     During this incident, defendants Police Officer Fritz, and Does #1-3 used excessive force against plaintiff when plaintiff posed no physical threat to them.

43.     The actions and/or inactions of defendants Police Officer Fritz, and Does #1-3 were committed with deliberate indifference to and reckless disregard of plaintiff's safety and constitutional rights under the Pennsylvania Constitution.

44.     The actions and/or inactions of defendants Police Officer Fritz, and Does #1-3 deprived plaintiff of her Constitutional right under the Pennsylvania Constitution to be free from excessive force.

45.     As a direct and proximate cause of defendants' actions, plaintiff sustained various physical injuries which required medical attention and treatment.

46.     As a direct and proximate cause of defendants' actions, plaintiff sustained a permanent injury to her foot.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT IV

### PLAINTIFF v. POLICE OFFICER FRITZ and
### DOES #1, #2 & #3
### False Arrest

47.     The averments contained in paragraphs one through forty-six are incorporated by referenced as though fully set forth herein

48.     Plaintiff has a firmly established right under the Fourth Amendment to be free from arrest without probable cause.  Defendants arrested plaintiff without a warrant despite the fact that she had committed no crime.

49.     Defendants arrested plaintiff without probable cause.

8

50.     Defendants were at this time performing their duties as officers for the defendants, Philadelphia Police Department and City of Philadelphia.

51.     During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Pennsylvania and the City of Philadelphia.

52.     The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to her by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of the Plaintiff.

53.     Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

54.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.


## COUNT V
## PLAINTIFF v. POLICE OFFICER FRITZ and
## DOES #1, #2 & #3
### False Imprisonment against Defendants Fritz and Does 1-3

55.     The averments contained in paragraphs one through fifty-four are incorporated by referenced as though fully set forth herein.

9

56.   Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that they had committed no crimes.

57.   False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

58.   As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VI
## PLAINTIFF v. POLICE OFFICER FRITZ and
## DOES #1, #2 & #3
### Civil Rights Action (42 U.S.C. § 1983) Malicious Prosecution
### against Defendants Fritz and Does #1-3

59.   The averments contained in paragraphs one through fifty-eight are incorporated by referenced as though fully set forth herein.

60.   Defendants Fritz and Does 1-3 intentionally and maliciously instituted a legal action against Plaintiff without probable cause.

61.   The criminal case against Plaintiff was dismissed, resulting in the termination of the charges in her favor.

62.   Defendants acted with reckless disregard of the law and of the legal rights of Plaintiff in causing a criminal proceeding to begin.

63.   Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

64.     Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VII
### PLAINTIFF v. POLICE OFFICER FRITZ and DOES #1, #2 & #3
### Assault against Defendants Fritz and Does #1-3

65.     The averments contained in paragraphs one through sixty-four are incorporated by referenced as though fully set forth herein.

66.     Defendants assaulted plaintiff Ange Seagraves by intentionally placing her in imminent apprehension of physical violence. Defendants threw her to the ground and hit her repeatedly.

67.     Defendants acted with an intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive contact did in fact occur.

68.     The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety of Plaintiffs and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place.

69.     As a result of the defendants' intent to cause harmful or offensive contact with the Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff suffered damages according to proof at the time of trial.

70.     Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT VII
### PLAINTIFF v. POLICE OFFICER FRITZ and
### DOES #1, #2 & #3
### Battery against Defendants Fritz and Does #1-3

71.     The averments contained in paragraphs one through seventy are incorporated by referenced as though fully set forth herein.

72.     Defendants acted with an intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive contact did in fact occur.

73.     The harmful or offensive contact was not privileged nor consented to.

74.     As a result of the Defendants' intent to cause harmful or offensive contact with the Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff has suffered damages according to proof at the time of trial.

75.     Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VIII
### PLAINTIFF v. POLICE OFFICER FRITZ and
### DOES #1, #2 & #3
### Intentional Infliction of Emotional Distress against Defendants Fritz and Does #1-3

76.    The averments contained in paragraphs one through seventy-five are incorporated by referenced as though fully set forth herein.

77.    By engaging in the acts alleged herein, Defendants Fritz and Does #1-3 engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

78.    As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

79.    The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Fritz and Does #1-3 and seeks compensatory damages, punitive damages, attorneys' fees and costs.

13

## COUNT IX
### PLAINTIFF v. POLICE OFFICER FRITZ and
### DOES #1, #2 & #3
### Negligence against All Defendants

80.     The averments contained in paragraphs one through seventy-nine are incorporated by referenced as though fully set forth herein.24

81.     Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

82.     By engaging in the acts alleged herein, Defendants Fritz and Does #1-3 failed to act with ordinary care and breached their duty of care owed to Plaintiff.

83.     Defendants Philadelphia Police department and City of Philadelphia failed to act with ordinary care in failing to properly train and supervise their officers with respect to proper procedures on detention and arrest of citizens; and the use of force in effectuating arrests.

84.     As a direct, proximate and foreseeable result of defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

WHEREFORE, plaintiff requests judgments in her favor and against all defendants and seeks compensatory damages, punitive damages, attorneys' fees and costs.

14

## COUNT X
## PLAINTIFF v. PHILADELPHIA POLICE DEPARTMENT and
## CITY OF PHILADELPHIA
### (Civil Rights Action (42 U.S.C. § 1983) against Philadelphia Police
### Department and City of Philadelphia for Failure to Properly Screen and Hire

85.     The averments contained in paragraphs one through eighty-four are incorporated by referenced as though fully set forth herein.

86.     The defendants, Philadelphia Police Department of and the City of Philadelphia, their agents, servants and employees failed to adequately and properly screen and hire the defendant employees.

87.     The failure of these defendants to properly screen and hire the defendant police officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the constitutional rights of plaintiffs and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

88.     Due to the acts of the defendants, the failure to properly screen and hire police officers and the continued employment of the defendant police officers present a clear and present danger to the residents of the City of Philadelphia.

89.     The lack of adequate screening and hiring practices by the defendants evince deliberate indifference to the rights of the plaintiff and others in her position.

90.     These hiring practices led to the employment of defendants Fritz and Does #1-3 and caused the harms suffered by the plaintiff in this case.

91.     As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

15

WHEREFORE, plaintiff requests judgments in her favor and against defendants City of Philadelphia and the Philadelphia Police Department and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT XI
### PLAINTIFF v. PHILADELPHIA POLICE DEPARTMENT and CITY OF PHILADELPHIA
#### (Civil Rights Action (42 U.S.C. § 1983) against Philadelphia Police Department and City of Philadelphia for Failure to Properly Train

92.     The averments contained in paragraphs one through ninety-one are incorporated by referenced as though fully set forth herein.

93.     The defendants Philadelphia Police Department of and the City of Philadelphia, as a matter of custom, practice and policy, failed to maintain adequate and proper training as to the constitutional rights of citizens and arrestees; to prevent the consistent and systematic use of excessive force; and to prevent extra judicial punishment by officers.

94.     Defendants failed to provide adequate training to police officers on the proper protocol and procedure on detention and arrest of citizens; and the use of force in effectuating arrests.

95.     Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

96.     The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiffs and others in their position.

97.     The constitutionally infirm lack of adequate training as to the officers in this case caused plaintiff' damages.

98.     As a result of Defendants' actions, Plaintiffs suffered physical and psychological injuries.

WHEREFORE, plaintiff requests judgments in her favor and against defendants City of Philadelphia and the Philadelphia Police Department and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT XII
### PLAINTIFF v. PHILADELPHIA POLICE DEPARTMENT and CITY OF PHILADELPHIA
#### (Civil Rights Action (42 U.S.C. § 1983) against Philadelphia Police Department and City of Philadelphia for Failure to Supervise and Discipline

99.     The averments contained in paragraphs one through ninety-eight are incorporated by referenced as though fully set forth herein.

100.    Philadelphia Police Department of and the City of Philadelphia, as a matter of custom, practice and policy, failed to supervise police officers to prevent, deter and punish the unconstitutional and excessive use of force.

101.    Upon information and belief, the defendants knew or should have known of the dangerous propensities of defendants Fritz and Does #1-3 but took no steps to supervise them, correct their abuse of authority, or discourage their unlawful use of authority.

102.    To the contrary, defendants condoned and acquiesced in the abusive behavior of police officers by refusing to retrain them, discipline them, or correct their abusive behavior.

17

103.    Defendants Fritz and Does #1-3 were not disciplined for their use of force on Plaintiff Angel Seagraves.

104.    Defendants were, or should have been aware that the policy regarding supervision and discipline of officers who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their officers.

105.    The constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of plaintiffs and others in their position.

106.    The lack of adequate supervision and discipline caused the plaintiff damages.

107.    As a result of Defendants' actions, Plaintiff suffered physical and psychological injuries.

WHEREFORE, plaintiff requests judgments in her favor and against defendants City of Philadelphia and the Philadelphia Police Department and seeks compensatory damages, punitive damages, attorneys' fees and costs.


**COUNT XIII**
**PLAINTIFF v. PHILADELPHIA POLICE DEPARTMENT and**
**CITY OF PHILADELPHIA**
**INJUNCTIVE RELIEF**


108.    The averments contained in paragraphs one through one hundred seven are incorporated by referenced as though fully set forth herein.

109.    Plaintiff is informed and believes and thereon allege that, unless enjoined,

defendants will continue to engage in the unlawful acts and in the policies and practices described above, in violation of the legal and constitutional rights of the plaintiff and others who are similarly situated.

110.   Plaintiff faces the real and immediate threat of repeated and irreparable injury and continuing, present adverse effects as a result of the unlawful misconduct, policies and practices of the defendants. Plaintiff has no adequate and complete remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment as follows:

1.   Directing Defendants to set forth policies and procedures as may be necessary and proper with respect to the use of force.

2.   Entering judgment for compensatory general and special damages in an amount in accordance with proof.

3.   Entering judgment for exemplary damages against each of the individual defendants in an amount sufficient to punish and to make an example of said defendants, and to deter said defendants and others from engaging in similar conduct.

4.   Awarding reasonable attorney's fees, expenses, and costs of suit.

5.   Granting such other and further relief as the Court deems proper.

### REQUEST FOR JURY TRIAL ON ALL COUNTS

Plaintiff hereby requests a jury trial on all counts of this Complaint.

Dated: February 29, 2016          By:   _____/s/_____

Vernon Z. Chestnut, Esquire
Attorney for Plaintiff
Angel Seagraves

19

## VERIFICATION

Vernon Z. Chestnut, Esquire, being duly sworn according to law deposes and says that he is the Attorney of Record herein in the foregoing action; that all the facts in this Plaintiff's Complaint in Civil Action are true and correct to the best of his knowledge, information and belief; that he understands that false statements are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

February 29, 2016                             /s/
                                   Vernon Z. Chestnut, Esquire
                                   Attorney for Plaintiff
                                   Angel Seagraves

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Angel Seagraves, 6134 Media Street, Philadelphia, PA 19151

Address of Defendant: ____ City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102 ____ .

Place of Accident, Incident or Transaction: ____ Philadelphia, PA ____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).       Yes ☐     No ☑

Does this case involve multidistrict litigation possibilities?                          Yes ☐     No ☑
*RELATED CASE IF ANY:*

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.   Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                          Yes ☐     No ☑

2.   Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                              Yes ☐     No ☑

3.   Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                            Yes ☐     No ☑

CIVIL: (Place   in ONE CATEGORY ONLY)

**A. *Federal Question Cases:***

1. ☐ Indemnity Contract, Marine Contract, and All Other  Contracts
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

**B. *Diversity Jurisdiction Cases:***

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Michael R. Miller _____, counsel of record do hereby certify:

☑  Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐  Pursuant to Local Civil  Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE: 03 – 15 –16              _____        315759
                           Michael R. Miller            Attorney I.D. #
                           Attorney-at-Law

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03 – 15 –16              _____        315759
                           Michael R. Miller Esquire      Attorney I.D. #
CIV. 609 (4/03)                          Attorney-at-Law

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANGEL SEAGRAVES**<br>6134 Media Street<br>Philadelphia, PA 19151 | : <br>: **COURT OF COMMON PLEAS**<br>: **OF PHILADELPHIA COUNTY**<br>: |
| **Plaintiff** | : <br>: |
| **v.** | : **SEPTEMBER, TERM 2015**<br>: |
| **PHILADELPHIA POLICE DEPARTMENT,** | : <br>: |
| **and** | : <br>: **NO.: 1934** |
| **POLICE OFFICER MICHAEL J. FRITZ** | : <br>: |
| **and** | : <br>: |
| **POLICE OFFICE JOHN DOE #1** | : <br>: |
| **and** | : <br>: |
| **POLICE OFFICER JOHN DOE #2** | : <br>: |
| **POLICE OFFICER JOHN DOE #3** | : <br>: |
| **and** | : <br>: |
| **CITY OF PHILADELPHIA,** | : <br>: |
| **Defendants** | : <br>: |

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
   exposure to asbestos.  ( )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                              (  )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.   ( X )


03-15-16                   M R M                   ___    Defendants _____
Date                    **Michael R. Miller, Esq.**                    Attorney for

**(215) 683-5433**            **(215) 683-5397**              **michael.r.miller@phila.gov**

Telephone                 FAX Number                     E-mail Address


(Civ. 660) 10/02