IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SEAGRAVES,<br>             Plaintiff,<br><br>        v.<br><br>PHILADELPHIA POLICE<br>DEPARTMENT,<br>POLICE OFFICER MICHAEL J. FRITZ,<br>POLICE OFFICER JOHN DOE #1,<br>POLICE OFFICER JOHN DOE #2,<br>POLICE OFFICER JOHN DOE #3, and<br>CITY OF PHILADELPHIA ,<br>             Defendants. | CIVIL ACTION<br><br><br><br>NO.  16-1219 |

DuBois, J.                                                        May 10, 2016

**M E M O R A N D U M**

**I.        INTRODUCTION**

This is a civil rights case arising out of events which culminated in the arrest of plaintiff Angel Seagraves by officers of the Philadelphia Police Department. Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of her Fourth and Fourteenth Amendment rights, and state law tort claims, against individual police officer defendants. Plaintiff also asserts *Monell* claims under 42 U.S.C. § 1983 for violation of her Fourth and Fourteenth Amendment rights against defendant City of Philadelphia ("the City").

Presently before the Court is the City's Motion to Dismiss, which seeks dismissal of all claims against it. For the reasons that follow, the Court grants the Motion to Dismiss and dismisses the *Monell* claims against the City without prejudice to plaintiff's right to file and serve an amended complaint within twenty days if warranted by the facts and applicable law.

## II.     BACKGROUND

The facts of the case as set forth in plaintiff's Complaint are summarized as follows. On September 22, 2013, plaintiff was driving in West Philadelphia with a male passenger and her children in the car. Compl. ¶ 10. Two of the defendants, Police Officer Michael J. Tritz[1] and an unknown officer referred to as John Doe #1, pulled plaintiff over and conducted a traffic stop at the intersection of 51st and Arch Streets. Compl. ¶ 11. Plaintiff avers that Tritz told her that he stopped her "because her handicap placard was obstructing her view because it was hanging from the rearview mirror." Compl. ¶ 12.

At the outset of the stop, the officers removed the male passenger from the vehicle, handcuffed him, and detained him in the back of a police car. Compl. ¶ 12. Plaintiff claims that the officers conducted an "illegal search of the passenger side" of her car. Compl. ¶ 13. Plaintiff then got out of her car and "informed the defendants that she was planning to call her attorney." Compl. ¶ 14.

After plaintiff exited the car, one or more of the police officer defendants "began cursing at the plaintiff and spewing racial epithets towards her and her children." Compl. ¶ 15. Plaintiff alleges that she was thrown to the ground and beaten. Compl. ¶ 16. The police officer defendants then arrested plaintiff. Compl. ¶ 18. According to the Complaint, plaintiff sustained a fracture of her left ankle and a contusion of her head. Compl. ¶ 16.

Plaintiff was subsequently charged with aggravated assault, possession of an instrument of crime, simple assault, and resisting arrest. Compl. ¶ 18. Following a preliminary hearing on

---

[1] In the Complaint, this officer is identified as "Michael J. Fritz", but in plaintiff's Response to the Motion to Dismiss, he is referred to as "Michael Tritz." The City avers that "no one named 'Michael Fritz' works for the Philadelphia Police Department, and the City has not accepted service for this individual." In publicly available criminal docket information from the Administrative Office of Pennsylvania Courts, the arresting officer is identified as "Michael J. Tritz."

2

October 7, 2013, Judge David C. Shuter of the Municipal Court of Philadelphia County dismissed the aggravated and simple assault charges for lack of evidence. Am. Compl. ¶ 20. After a bench trial on December 2, 2013, Judge Jacqueline Frazier-Lyde, also of the Municipal Court, found plaintiff not guilty of the remaining charges. Am. Compl. ¶ 21.

Plaintiff initiated this action on September 21, 2015, by filing a Praecipe to Issue a Writ of Summons in the Court of Common Pleas for Philadelphia County. On March 1, 2016, plaintiff filed the Complaint in that court. The City filed a timely Notice of Removal in this Court on March 15, 2016. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

While the Complaint names multiple defendants, only the City has been served pursuant to Federal Rule of Civil Procedure 4. Plaintiff asserts the following claims against the City: violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 for failure to properly screen and hire police officers (Count X), violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 for failure to train police officers (Count XI), violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 for failure to supervise and discipline police officers (Count XII), and a claim for unspecified injunctive relief (Count XIII). On March 17, 2016, the City filed a Motion to Dismiss all of the claims against it.

## III.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to respond to a pleading by filing a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). However, the Court may dismiss a claim with prejudice based on "bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

## IV.   DISCUSSION

### A.   Claims against the City

The City argues that all of plaintiff's *Monell* claims should be dismissed for failure to plead sufficient facts to state a plausible claim for relief. The Court agrees and dismisses plaintiff's claims against the City. This dismissal is without prejudice to plaintiff's right to file and serve an amended complaint within twenty days if warranted by the facts and applicable law.

The liability of a municipality under 42 U.S.C. § 1983 is governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). "[C]ourts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). "Policy is made when a decisionmaker possessing final

authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well-settled as to virtually constitute law." *Id.* (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (internal quotations omitted)). To survive a motion to dismiss under Rule 12(b)(6), a *Monell* claim must do more than make "conclusory and general claims of failure to screen, train, or supervise employees to avoid constitutional violations." *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014). "Simply paraphrasing § 1983 . . . fails to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *Id.*

In this case, plaintiff has not identified a deficiency in a specific policy that could be the basis of a *Monell* claim, other than the conclusory assertion that the City fails to "provide adequate training to police officers on the proper protocol and procedure on detention and arrests of citizens." Compl. ¶ 94. Plaintiff's Complaint also does not identify, even generically, a municipal decisionmaker, and does not link that decisionmaker to the alleged policy. *See, e.g.*, *Rees v. Office of Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (affirming dismissal because "the Complaint fails to link the alleged policies or customs to anyone . . . who had policy-making authority"); *McTernan v. City of York, Pa.*, 564 F.3d 636, 659 (3d Cir. 2009) (concluding that dismissal was proper because plaintiff's "*Monell* claim fail[ed] to allege conduct by a municipal decisionmaker"). Thus, the Court dismisses the *Monell* claims against the City based on a policy because they are insufficiently pled.

With respect to custom, plaintiff alleges that the City failed to properly screen and train police officers "in the exercise of their functions" "as a matter of policy, custom, and practice," Compl. ¶ 87, "failed to provide adequate training to police officers on the proper protocol and

procedure on detention and arrest of citizens, and the use of force in effectuating arrests," Compl. ¶ 94, and took no steps to supervise, correct, or train the officers involved in plaintiff's arrest. Compl. ¶ 101. However, these formulaic recitations of the elements of a *Monell* claim are not supported by any factual allegations in the Complaint. Plaintiff's Complaint contains facts relating to only one incident—her arrest on September 22, 2013—and no allegations regarding the specifics of the alleged custom, which is insufficient to support a claim based on a custom "so permanent and well-settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480; *see Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train."); *see also Kelly v. Borough of Carlisle*, 622 F.3d 248, 265 (3d Cir. 2010) ("[T]o show a deliberately indifferent failure to train in the absence of an underlying pattern of violations, . . . a violation of federal rights [must be] a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." (citations and quotations omitted)). Thus, the Court dismisses the *Monell* claims against the City based on a custom because they are insufficiently pled.

Finally, the Court dismisses the claim against the City for nonspecific "injunctive relief" contained in Count XIII of the Complaint. Compl. ¶¶ 108–110. An injunction is a form of relief, not a cause of action, and was improperly designated as a separate count. *See, e.g.*, *Kauffman v. Pa. Soc. for the Prevention of Cruelty to Animals*, 766 F. Supp. 2d 555, 560 (E.D. Pa. 2011) ("[T]here is no need for plaintiff to devote a separate count of a complaint to a request for a certain type of relief."). Accordingly, because all of plaintiff's other claims against the City are dismissed and there is no remaining basis for the granting of an injunction against the City, plaintiff's Count XIII for "injunctive relief" is dismissed as well.

**B.  Identities of the Individual Defendants**

In her Response to the Motion to Dismiss, plaintiff states that she "is currently unaware of the identity of the other officers called to [the] scene at the time of the attack" and seeks discovery from the City to obtain this information. Because the individual police officer defendants have not yet been served pursuant to Federal Rule of Civil Procedure 4 and plaintiff avers that she does not know the identities of these officers, the Court directs the City to provide to plaintiff the names of the officers involved in plaintiff's arrest within seven days.

**V.    CONCLUSION**

For the foregoing reasons, the Court dismisses plaintiff's claims against the City without prejudice to plaintiff's right to file and serve an amended complaint within twenty days if warranted by the facts and applicable law. In addition, within seven days the City shall provide to plaintiff the names of the police officers involved in the events of September 22, 2013, that culminated in plaintiff's arrest. An appropriate order follows.