IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGEL SEAGRAVES,
        Plaintiff,

v.

POLICE OFFICER MICHAEL J. TRITZ
        Defendant,

POLICE OFFICE RUEBEN ONDARZA
        Defendant,

POLICE OFFICER CAPTAIN LLEWELLYN
        Defendant,

and

POLICE OFFICER DETECTIVE SLOBODIAN:
        Defendant,

Civil Action
No. 16-1219

FILED
MAY 27 2016
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Angel Seagraves, by her undersigned counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also brings a state law claim of assault, battery, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress and negligence. In support thereof, plaintiff avers the following:

### I. PARTIES

1. Plaintiff, Angel Seagraves, is an adult individual and a citizen of the United States. Plaintiff resides at 6134 Media Street, Philadelphia, Pennsylvania.

2. Defendant, Police Officer Michael J. Tritz, is an adult individual and citizen of the United States. At all times herein defendant Tritz is a Philadelphia Police

Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

3. Defendant, Police Officer Rueben Ondarza, is an adult individual and citizen of the United States. At all times herein, defendant Rueben Ondarza is a Philadelphia Police Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

4. Defendant, Police Officer Captain Llewellyn, is an adult individual and citizen of the United States. At all times herein, defendant Captain Llewellyn is a Philadelphia Police Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

5. Defendant, Police Officer Detective Slobodian, is an adult individual and citizen of the United States. At all times herein, defendant Detective Slobodian is a Philadelphia Police Officer who was acting in the course and scope of his employment as a police officer for the Philadelphia Police Department.

## II. JURISDICTION

6. On or about March 16, 2016, Defendant, City of Philadelphia removed this case from the Philadelphia Court of Common Pleas to the Eastern District of Pennsylvania.

7. Venue is appropriate in United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b).

2

## III. FACTS

8. On September 22, 2013, defendant Tritz along with defendant Ondarza followed the plaintiff from 54th & Wyalusing Street to 51st & Arch Street in Philadelphia, Pennsylvania.

9. Defendants Tritz and Ondarza pulled the plaintiff over for a vehicle stop at 51st & Arch Street.

10. Defendant Tritz informed plaintiff that she was stopped because her handicap placard was obstructing her view because it was hanging from the rearview mirror. Defendants handcuffed plaintiff's passenger and placed him in the rear passenger seat of the police vehicle.

11. Defendants conducted an illegal search of the passenger side of plaintiff's vehicle.

12. When plaintiff realized what was happening, she got out of her vehicle and informed the defendants that she was planning to call her attorney because of the illegal detention and search of her vehicle.

13. Defendants began cursing at the plaintiff and spewing racial epithets towards her and her children.

14. Defendants proceeded to throw the plaintiff to the ground and beat hit her repeatedly causing a fracture to her left ankle and a head contusion.

15. Defendant Captain Llewellyn and other police officers were called to the scene and engaged in the verbal and physical abuse of the plaintiff.

16. Plaintiff was arrested and charged with Aggravated Assault, Possession of an Instrument of Crime, Simple Assault and Resisting Arrest.

17. After Defendants placed plaintiff under arrest, they did not provide her with basic necessary care for her physical pain.

18. On or about October 7, 2013, the Honorable David C. Shuter of the Municipal Court of Philadelphia County dismissed the charges of Aggravated Assault and Simple Assault for lack of evidence after a Preliminary Hearing was conducted.

19. On or about December 2, 2013, the Honorable Jacqueline Frazier-Lyde of the Municipal Court of Philadelphia County found the plaintiff Not Guilty on the remaining charges.

20. As a direct and proximate result of the Defendants beating the plaintiff, plaintiff has suffered a permanent injury and loss of function to her wrist.

## COUNT I

### Civil Rights Action (42 U.S.C. § 1983) Unlawful Stop and Detention against Defendants Tritz and Ondarza

21. Plaintiff hereby incorporates the allegations contained in paragraphs one through twenty inclusive as though fully set forth herein.

22. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage of any State or Territory subjects, or causes to
> be subjected, any person of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and
> laws shall be liable to the party injured in an action at law, suit at equity or
> other proper proceeding for redress.

23. Plaintiff had a firmly established right under the Fourth Amendment to be free from unreasonable seizure.

24. A detention without reasonable suspicion that a citizen has committed a crime violates the Fourth Amendment prohibition on unreasonable searches and seizure.

25. A police officer may stop and briefly detain a citizen based on a reasonable suspicion of involvement in a crime.

26. Plaintiff had committed no criminal offense or a traffic offense when defendants Tritz and Ondarza initiated the stop.

27. It is not illegal to hang a handicap placard from the rearview mirror of a vehicle. In fact, said placards are designed specifically to hang from the rearview mirror.

28. Defendants knew that there was no basis for a stop.

29. Defendants acted unreasonably in stopping and searching the plaintiff's car and subjecting plaintiff to a prolonged investigatory detention and illegal search of her property.

30. As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz and Ondarza and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT II

### Violation of 42 U.S.C. § 1983 RETALIATION against Defendants Tritz, Ondarza, Llewellyn and Slobodian

31. Plaintiff hereby incorporates the allegations contained in paragraphs one through thirty inclusive as though fully set forth herein.

32. Plaintiff had a First Amendment right to call her attorney to report the police for engaging in what she perceived to be a violation of her rights.

33. Defendants Tritz and Ondarza did not want a citizen reporting their unconstitutional acts.

34. Plaintiff had a Constitutional right as a citizen to call her attorney.

35. Tritz and Ondarza at her and used racial and religious epithets against her and her children to deter her from calling her attorney.

36. Defendants used force on the Plaintiff and arrested her as retaliation because plaintiff threatened to report their actions to her attorney.

37. Defendants arrested plaintiff based in part upon the exercise of plaintiff's free expression of concern that she was being investigated and detained when she had done nothing wrong.

38. As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT III
### PLAINTIFF v. POLICE OFFICERS Tritz, Ondarza, Llewellyn and Slobodian
### ARTICLE I, SECTION 8 - PENNSYLVANIA CONSTITUTION
### EXCESSIVE FORCE

39. Plaintiff hereby incorporates the allegations contained in paragraphs one through thirty-eight inclusive as though fully set forth herein.

40. During this incident, defendants Police Officers Tritz, Ondarza, Llewellyn and Slobodian used excessive force against plaintiff when plaintiff posed no physical threat to them.

41. The actions and/or inactions of defendants Police Officers Tritz, Ondarza, Llewellyn and Slobodian were committed with deliberate indifference to and reckless disregard of plaintiff's safety and constitutional rights under the Pennsylvania Constitution.

42. The actions and/or inactions of defendants Police Officers Tritz, Ondarza, Llewellyn and Slobodian deprived plaintiff of her Constitutional right under the Pennsylvania Constitution to be free from excessive force.

43. As a direct and proximate cause of defendants' actions, plaintiff sustained various physical injuries which required medical attention and treatment.

44. As a direct and proximate cause of defendants' actions, plaintiff sustained a permanent injury to her wrist.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT IV

### PLAINTIFF v. POLICE OFFICERS Tritz, Ondarza, Llewellyn and Slobodian
### False Arrest

45. The averments contained in paragraphs one through forty-four are incorporated by referenced as though fully set forth herein

46. Plaintiff has a firmly established right under the Fourth Amendment to be free from arrest without probable cause. Defendants arrested plaintiff without a warrant despite the fact that she had committed no crime.

47. Defendants arrested plaintiff without probable cause.

48. Defendants were at this time performing their duties as officers for the defendants, Philadelphia Police Department and City of Philadelphia.

49. During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Pennsylvania and the City of Philadelphia.

50. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, and deprived Plaintiff of the rights, privileges and immunities secured to her by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of the Plaintiff.

51. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

52. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT V
## PLAINTIFF v. POLICE OFFICERS Tritz, Ondarza, Llewellyn and Slobodian
## False Imprisonment

53. The averments contained in paragraphs one through fifty-two are incorporated by referenced as though fully set forth herein.

54. Defendants unlawfully detained Plaintiff for an unreasonable period of time after they knew or should have known that they had committed no crimes.

55. False imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short.

56. As a result of Defendants' actions, Plaintiff suffered damages in the amount to be proven at trial.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VI
## PLAINTIFF v. POLICE OFFICERS Tritz, Ondarza, Llewellyn and Slobodian
## Civil Rights Action (42 U.S.C. § 1983) Malicious Prosecution

57. The averments contained in paragraphs one through fifty-six are incorporated by referenced as though fully set forth herein.

58. Defendants Tritz, Ondarza, Llewellyn, Slobodian intentionally and maliciously instituted a legal action against Plaintiff without probable cause.

59. The criminal case against Plaintiff was dismissed, resulting in the termination of the charges in her favor.

60. Defendants acted with reckless disregard of the law and of the legal rights of Plaintiff in causing a criminal proceeding to begin.

61. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

62. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. § 1988, and all applicable law, and such additional relief as the Court deems just.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VII
## PLAINTIFF v. POLICE OFFICERS Tritz, Ondarza, Llewellyn and Slobodian
## Assault

63. The averments contained in paragraphs one through sixty-two are incorporated by referenced as though fully set forth herein.

64. Defendants assaulted plaintiff Angel Seagraves by intentionally placing her in imminent apprehension of physical violence. Defendants threw her to the ground and hit her repeatedly.

65. Defendants acted with an intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive contact did in fact occur.

66. The harmful or offensive contact was not privileged nor consented to and was excessive, unreasonable and done with deliberate indifference to the rights and safety

10

of Plaintiffs and was done with the intent to inflict punishment, above and beyond the reason for using the force in the first place.

67. As a result of the defendants' intent to cause harmful or offensive contact with the Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff suffered damages according to proof at the time of trial.

68. Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT VII
## PLAINTIFF v. POLICE OFFICERS Tritz, Ondarza, Llewellyn and Slobodian
### Battery

69. The averments contained in paragraphs one through sixty-eight are incorporated by referenced as though fully set forth herein.

70. Defendants acted with an intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive contact did in fact occur.

71. The harmful or offensive contact was not privileged nor consented to.

72. As a result of the Defendants' intent to cause harmful or offensive contact with the Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff has suffered damages according to proof at the time of trial.

73. Defendants' conduct also amounts to oppression, fraud or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

### COUNT VIII
### PLAINTIFF v. POLICE OFFICERS Tritz, Ondarza, Llewellyn and Slobodian
### Intentional Infliction of Emotional Distress

74. The averments contained in paragraphs one through seventy-three are incorporated by referenced as though fully set forth herein.

75. By engaging in the acts alleged herein, Defendants Tritz, Ondarza, Llewellyn, and Slobodian engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

76. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

77. The conduct of Defendants also amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

WHEREFORE, plaintiff requests judgments in her favor and against defendants Michael Tritz, Rueben Ondarza, Captain Llewellyn and Detective Slobodian and seeks compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT IX
## PLAINTIFF v. POLICE OFFICER Tritz, Ondarza, Llewellyn and Slobodian
### Negligence against All Defendants

78. The averments contained in paragraphs one through seventy-seven are incorporated by referenced as though fully set forth herein.24

79. Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

80. By engaging in the acts alleged herein, Defendants Tritz, Ondarza, Llewellyn and Slobodian failed to act with ordinary care and breached their duty of care owed to Plaintiff.

81. Defendants Philadelphia Police department and City of Philadelphia failed to act with ordinary care in failing to properly train and supervise their officers with respect to proper procedures on detention and arrest of citizens; and the use of force in effectuating arrests.

82. As a direct, proximate and foreseeable result of defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

WHEREFORE, plaintiff requests judgments in her favor and against all defendants and seeks compensatory damages, punitive damages, attorneys' fees and costs.

### REQUEST FOR JURY TRIAL ON ALL COUNTS

Plaintiff hereby requests a jury trial on all counts of this Complaint.

DATED: May 27, 2016         /s/ Vernon Z. Chestnut
                            Vernon Z. Chestnut, Jr., Esquire
                            Pa. Attorney ID No. 71413
                            150 Monument Road, Suite 207
                            Bala Cynwyd, PA 19004
                            (215) 568-8040 (phone)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL SEAGRAVES, | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 16-1219 |
| v. | : | |
| | : | |
| CITY OF PHILADLPHIA, et al., | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint has been forwarded to defense counsel via ECF on May 27, 2016 to:

Michael R. Miller
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

DATED: May 27, 2016          /s/
                              Vernon Z. Chestnut, Jr., Esquire
                              Pa. Attorney ID No. 71413
                              150 Monument Road, Suite 207
                              Bala Cynwyd, PA 19004
                              (215) 568-8040 (phone)